NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| CLAUDIA ROCIO GOMEZ ZULUAGA | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Petitioner, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 07-CV-2931 |
| | : | |
| ALBERTO GONZALES, Attorney General, U.S. Department of Justice; MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security; CHRISTOPHER CHRISTIE, United States Attorney for the District of New Jersey; ROBERT MARGIST, Acting Director, U.S. ICE New Jersey Field Office; OSCAR AVILES, Director, Hudson County Correctional Center, | : : : : : : : : | |
| | : | |
| Respondents. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon petition by Petitioner Claudia Rocio Gomez Zuluaga ("Petitioner") to grant her petition for writ of habeas corpus and order her immediate release from the Department of Homeland Security's ("DHS") custody pursuant to 28 U.S.C. § 2241. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that Petitioner's motion is **denied.**

**I.  BACKGROUND**

Petitioner is a nineteen year old female Columbian citizen. She arrived at Newark International Liberty Airport on July 22, 2006 and attempted to enter the United States as a Spanish national by utilizing a fraudulent Spanish passport. When Petitioner was denied entry, she requested asylum and the DHS declared her a Visa Waiver Program ("VWP") applicant and placed her in "asylum-only" proceedings. The DHS referred her to an immigration judge and detained her at the United States Immigration and Customs Enforcement ("USICE") detention facility in Elizabeth, New Jersey while awaiting the outcome of the immigration proceedings.

On September 28, 2006, Petitioner filed an asylum application. She appeared before Immigration Judge Dorothy A. Harbeck for a merits hearing on December 19, 2006. Judge Harbeck denied Petitioner's asylum claim on January 4, 2007. Petitioner appealed the decision to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal on May 15, 2007 and served Petitioner with a Form I-296 on May 21, 2007. On June 4, 2007, Petitioner filed a Notice of Petition for Review of the BIA's order in the U.S. Court of Appeals for the Third Circuit. The following day, on June 5, 2007, Petitioner filed an Emergency Motion to Stay Removal with the Third Circuit, which the court temporarily granted. Petitioner has remained in detention for approximately eleven months and is currently being detained at the Hudson County Correctional Center in Kearny, New Jersey awaiting the adjudication of her appeal.

**II.  DISCUSSION**

The issue before the court is whether the DHS is detaining Petitioner in violation of the U.S. Constitution and/or the Immigration and Nationality Act ("INA"). Petitioner was properly placed in "asylum-only" proceedings after attempting to enter the United States using a fraudulent Spanish

passport and requesting asylum because aliens attempting to enter the United States from VWP participating countries, like Spain, are entitled to "asylum-only" proceedings and not "removal" proceedings. See Shehu v. Att'y Gen. of U.S., 482 F.3d 652, 655 (3d Cir. 2007). Petitioner argues that no specific INA statutes or regulations authorize the DHS to detain a VWP applicant in "asylum-only" proceedings pending a determination of her asylum claim. While the legislature may not have specifically established a link between the VWP and a detention provision, this Court finds that other factors of Petitioner's case outweigh this potential oversight by the legislature and authorize her detainment.

Because Petitioner's requests for asylum and withholding of removal were denied by Judge Harbeck, and her appeal was dismissed by the BIA, she remains an inadmissible alien until the Third Circuit resolves her Petition for Review. The Third Circuit is in agreement with the Eleventh Circuit that "there is nothing in the VWP statute to indicate that unsuccessful VWP applicants should be treated differently [with respect to judicial review] than any other inadmissible alien stopped at the border who has established sufficient credible fear of persecution to be referred to an I.J. for a hearing." Nreka v. Attorney General, 408 F.3d 1361, 1367-69 (11th Cir. 2005). Petitioner's only options under the INA as an inadmissible alien besides receiving parole (INA § 212(d)(5)(A)) are to leave the U.S. (INA § 235(a)(4)) or be subject to detention (INA § 235(b)(1)-(2)). Therefore, Petitioner is to be treated the same as inadmissible aliens in "removal" proceedings with respect to judicial review and is subject to detention under 8 U.S.C. § 1226.

Petitioner is also subject to detention under INA § 241 based on a final removal order. Formal removal orders are not issued to VWP applicants. The Third Circuit, however, has held that VWP applicants whose applications for asylum, withholding of removal and protection under the Convention Against Torture were denied and where the Immigration Judge found the applicants subject to removal and the BIA affirmed, "essentially became subject to a final order of removal

tantamount to an alien ordered removed and denied relief in a removal proceeding under 8 U.S.C. § 1229(a)." Gjopalaj v. Attorney General, Nos. 05-5305 to 05-5308, 2006 U.S. App. WL 3749582, at *2 (3d Cir. Dec. 21, 2006); see also Shehu v. Att'y Gen., 482 F.3d 652 (3d Cir. 2007). The Third Circuit has also held that "denial of the asylum application is the functional equivalent of a removal order under the provisions of the Visa Waiver Program." Shehu, 482 F.3d at 656. Petitioner was also issued a Form I-296 (Notice to Alien Ordered Removed) when she was denied entry into the United States and denied asylum, advising her that she is an inadmissible alien and has been ordered to leave the country. See 8 CFR § 217.4(a)(1). Therefore, it is reasonable to conclude that Petitioner, for all related purposes, has received a formal order of removal and is subject to "removal" proceedings.

Additionally, Congress has vested the Executive Branch with wide discretionary powers over immigration. See Dunat v. Holland, 183 F.Supp. 349, 351 (E.D. Pa. 2003). The Secretary of the Department of Homeland Security is granted "full authority to implement the nation's immigration laws," Sinclair v. Att'y Gen. of U.S., 198 F.App'x 218, 222 (3d Cir. 2006) and, as a result, the Secretary has broad discretionary power to decide that an inadmissible VWP applicant, such as Petitioner, should be placed in detention pending the outcome of her asylum proceedings. See id. Therefore, until, or unless, a decision is made granting Petitioner parole or entry into the United States, she is subject to continued detention. For these reasons, Petitioner's 28 U.S.C. § 2241 motion is **denied**.

**III.   CONCLUSION**

For the reasons stated, it is the finding of this Court that Petitioner's petition for a writ of habeas corpus is **denied**. An appropriate Order accompanies this Opinion.

                                                                S/ Dennis M. Cavanaugh
                                                                Dennis M. Cavanaugh, U.S.D.J.

Date:           September 14 , 2007
Original:       Clerk
cc:             Counsel of Record
                The Honorable Mark Falk, U.S.M.J.
                File